**RHONE–POULENC OF WYOMING COMPANY, Petitioner,**

v.

**FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and Secretary of Labor, Mine Safety and Health Administration, Respondents.**

No. 94–9521.

United States Court of Appeals, Tenth Circuit.

June 14, 1995.

Daniel A. Jensen of Kimball, Parr, Waddoups, Brown & Gee, Salt Lake City, UT, for petitioner.

Colleen A. Geraghty, Attorney, U.S. Dept. of Labor, Arlington, VA (Thomas S. Williamson, Jr., Sol. of Labor, Edward P. Clair, Associate Sol., and W. Christian Schumann, Appellate Litigation Counsel, with her on the brief), for respondents.

Before ANDERSON, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN,* District Judge.

WESLEY E. BROWN, District Judge.

Petitioner seeks review of a final order of the Federal Mine Safety and Health Review Commission. The Commission found that the Secretary of Labor had established "adequate cause" for filing a proposed civil penalty against petitioner beyond the time permitted under the Commission's rules. Based on this finding, the Commission reversed a decision of an administrative law judge ("ALJ") granting petitioner's motion to dismiss the proposed penalty. Petitioner contends that the Commission erred in reversing the ALJ's ruling. This court has jurisdiction of the petition pursuant to 30 U.S.C. § 816(a)(1).[1] We find no error in the Commission's order and, for the reasons set forth herein, we affirm.

Petitioner is a mine operator subject to the jurisdiction of the Federal Mine Safety and Health Administration Act of 1977 (30 U.S.C. § 801 et seq.) On October 2, 1991, petitioner was issued a citation by the Mine Safety and Health Administration ("MSHA") for allegedly failing to comply with a regulation promulgated under the Act requiring electrical equipment to be deenergized before work is performed on the equipment. The citation alleged that an electrical foreman employed by petitioner was injured while working on equipment that had not been deenergized. On May 26, 1992, petitioner was notified by MSHA that a penalty of $1,000 was proposed for the alleged violation. Petitioner filed a timely notice of contest to the citation and proposed penalty on or about June 19, 1992.

Under Commission Procedural Rule 27,[2] 29 C.F.R. § 2700.27 (1992), the Secretary was required to file the penalty proposal with the Commission within 45 days of receipt of petitioner's notice of contest. Thus, it should have been filed by August 3, 1992. The proposed penalty was not filed until August 14, 1992, however, together with the Secretary's motion to accept the late filing. Petitioner responded by requesting dismissal of the action for failure to comply with the 45-day time limit. In accordance with 30 U.S.C. § 823(d), the motion to dismiss and the motion to accept the late filing were assigned to an ALJ.

The Secretary explained that its late filing was a result of three factors: (1) changes in MSHA's civil penalty process required recalculation of many assessments and renotification of operators; (2) the invalidation of MSHA's "excessive history" program caused hundreds of citations to be dismissed and then refiled and reassessed; and (3) MSHA lacks sufficient clerical help. The Secretary also noted that the case file had not been received by its local Denver office until August 3, 1992. The Secretary argued that the combination of these factors was sufficient to permit late filing under the "adequate cause" standard applied by the Commission in *Salt Lake County Road Dept.*, 3 FMSHRC 1714 (July 1981), and *Medicine Bow Coal Company*, 4 FMSHRC 882 (May 1982).

---

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

1. Petitioner's challenge pertains to the Commission's October 13, 1993, order reversing the ALJ. After the Commission issued that order, the case was remanded to the ALJ, who determined based upon stipulated facts that Petitioner had violated the safety standard in question. The judge assessed a civil penalty of $800. On March 11, 1994, the Commission declined to grant review of that ruling and the Commission's October 13, 1993, order thus became final for purposes of appeal.

2. The citations in this opinion refer to the Commission's Procedural Rules in effect in 1992. The numbering of some of the Commission's rules have changed since that time.

Although the ALJ recognized that a late filing could be accepted if there was adequate cause for the delay, the ALJ flatly rejected the explanations proffered by the Secretary, stating that "changes in administrative policy or practice do not constitute adequate cause" and that "[s]ince at least 1981, an unusually high workload and a shortage of clerical personnel do not constitute adequate cause." The ALJ also noted that the Secretary did not explain why she failed to seek an extension of time for filing under Commission Rule 9. The ALJ granted petitioner's motion to dismiss.

On appeal, the Commission reversed the order of dismissal and concluded that the Secretary had established adequate cause for the delay. The Commission stated that it disagreed with the ALJ's holding that "[s]ince at least 1981, an unusually high workload and a shortage of clerical personnel do not constitute adequate cause." The Commission took official notice of the fact that its ruling in *Drummond Co.*, 14 FMSHRC 661 (May 1992), in which it had held that the Secretary's method of implementing its "excessive history" program was invalid, had the effect of requiring a remand of about 2,780 cases for reproposal of penalties. The Commission also stated that a rapid increase in new penalty cases in 1992 was a matter of Commission record, citing a recent ALJ decision setting forth the specific numerical increase. The Commission concluded that the Secretary had established adequate cause in this case "on the basis of MSHA's unusually heavy 1992 caseload and its shortage of personnel to process this caseload."[3]

*Issues on Appeal.* Petitioner asserts three main points of error in the Commission's ruling. It argues that the Commission applied an incorrect standard of review in reversing the ALJ's decision, that the Commission failed to adequately explain its decision, and that the Commission erred by relying on arguments and evidence that were never pre-

sented to the ALJ. We find none of these arguments persuasive.

■ The Commission did not apply an improper standard of review. Review by the Commission may be based on the grounds that an ALJ's decision is contrary to law or to the duly promulgated rules or decisions of the Commission. 30 U.S.C. § 823(d)(2)(A)(ii)(III). Review may also be based on the grounds that a substantial question of law, policy or discretion is involved, or that a necessary legal conclusion of the ALJ is erroneous. *Id.* at (II), (IV). We agree with the Commission that the ALJ's holding was contrary to the established decisions of the Commission setting forth the legal standard for "adequate cause."

In *Salt Lake,* 3 FMSHRC 1714, the Secretary had filed proposed penalty 60 days late because of an extraordinarily high caseload and a lack of clerical help. The Commission held in that case that the 45–day period of Rule 27 was not a statute of limitations, recognizing that "[s]ituations will inevitably arise where strict compliance by the Secretary [will] not prove possible." *Id.* at 1716. Furthermore, the "drastic course of dismissing a penalty proposal would short circuit the penalty process and, hence, a major aspect of the Mine Act's enforcement scheme." *Id.* These views were based in part on the declaration of Congress in adopting the 1977 Act that it "does not expect that the failure to propose a penalty with promptness shall vitiate any proposed penalty proceeding." *See* S.Rep. No. 181, 95th Cong., 1st Sess. at 34 (1977), *reprinted in* 1977 U.S.C.C.A.N. 3401, 3434. In order to balance considerations of procedural fairness against the severe impact of dismissal, the Commission concluded that "if the Secretary does seek permission to file late, he must predicate his request upon adequate cause." *Id.* The Commission concluded in *Salt Lake* that the Secretary had "minimally satisfied" the adequate cause standard,

---

**3.** The ALJ and the Commission each indicated that dismissal may be ordered in a case if the Secretary fails to show adequate cause for the delay regardless of whether the operator suffered any prejudice. The Secretary contends that dismissal is never warranted unless the operator is prejudiced. We need not resolve this apparent conflict because we conclude that the ALJ improperly dismissed the case under the "adequate cause" standard and because Petitioner does not contend that it was prejudiced.

but cautioned that it would not tolerate a pattern of late filings.

The Commission's decision in *Salt Lake,* as well as its subsequent application of the same standard in *Medicine Bow,* clearly requires a judge to weigh all of the relevant circumstances in determining whether a late filing should be permitted. *See also Secretary of Labor v. Valley Camp Coal Co.,* 1 FMSHRC 791 (1979). These cases also make clear that an unusually high workload and inadequate personnel can sometimes be sufficient to justify a late filing. The ALJ's holding to the contrary was a misinterpretation of the legal test adopted by the Commission for determining whether adequate cause exists. Such a legal conclusion is subject to *de novo* review by the Commission. *See* 30 U.S.C. § 823(d)(2)(A)(ii)(II), (III). Under the circumstances, the Commission was not limited to examining whether there was substantial evidence to support the ALJ's decision. *Cf. id.* at (d)(2)(A)(ii)(I).

■ Nor can we agree with the argument that the Commission failed to adequately explain its decision. Petitioner believes the Commission ignored one of the reasons for the ALJ's decision—specifically, a determination that the Secretary should have sought an extension of time prior to the expiration of the 45–day filing period. Once again, however, the ALJ's opinion on this score shows the judge misinterpreted the governing legal standard. The ALJ cited *Salt Lake* for the proposition that a high caseload and lack of clerical personnel, although sufficient to show adequate cause in that case, "would not suffice in the future." Moreover, the ALJ stated, *Salt Lake* established that if the Secretary needed more time then "her remedy is to obtain an extension prior to the deadline...." These statements again indicate that the ALJ applied a *per se* rule of law that is inconsistent with the weighing of the circumstances required by *Salt Lake* and *Medicine Bow.* Neither of these cases held that as a matter of law a late filing cannot be accepted if the Secretary did not seek an extension of time within the 45 days. The Commission's opinion, in our view, expresses clearly enough that the ALJ's rigid application of the adequate cause standard was erroneous. No further explanation by the Commission was required. *Cf.* 5 U.S.C. § 557(c)(3)(A) (the record must include the reasons or basis for the agency's ruling).

■ Finally, we see no error in the Commission's reference to the number of cases that had to be remanded after its *Drummond* decision and to the number of cases filed with the Commission in 1992, even if the specific numbers had not been presented as evidence to the ALJ. As an initial matter, this is not a case of the Commission basing its decision on a question of fact not raised before the ALJ. The Secretary clearly argued to the ALJ that its heavy caseload and lack of clerical help excused the late filing. Petitioner's response, which the ALJ adopted in his opinion, was that "an unusually high workload and a shortage of clerical help do not constitute adequate cause." (Reply of Rhone–Poulenc to Secretary's Objection). In correcting the ALJ's legal error, the Commission took official notice of the number of cases pending at that time. If this was reliance upon a fact not passed upon by the ALJ, it was clearly done "for good cause" as required by § 823(d)(2)(A)(iii). Moreover, these case statistics do not appear to be subject to reasonable dispute and are matters within the particular knowledge of the Commission. They have been relied upon by the Commission in previous decisions in which similar issues were raised. Although the Commission's review is limited by § 823(d)(2)(C) to specific materials within the administrative record, we do not think Congress intended by this provision to bar consideration of administratively noticeable facts such as the caseload statistics considered by the Commission. *Cf. de la Llana–Castellon v. I.N.S.,* 16 F.3d 1093, 1096–97 (10th Cir. 1994). *See also* 5 U.S.C. § 556(e). Nor do we perceive any unfairness from petitioner's asserted inability to challenge the facts noticed by the Commission. Section 816(a)(1) grants this court authority to order that additional evidence be taken if a party shows such additional evidence is material and that there were reasonable grounds for the failure to raise it below. *See* S.Rep. No. 181, 95th Cong., 1st Sess. at 49 (1977), *reprinted in* 1977 U.S.C.C.A.N. 3401, 3448 ("[F]airness is

also protected by provisions [in the Mine Safety and Health Act] which would permit remanding of cases for further factfinding where warranted."). Petitioner has not presented anything to suggest, however, that there is any legitimate dispute concerning the figures noticed by the Commission or that the Commission's determination was otherwise contrary to the "adequate cause" standard.

Under the statutory scheme enacted by Congress, the Commission is entitled to review a decision of an ALJ that involves a substantial question of policy. § 823(d)(2)(A)(ii)(IV). This indicates that the Commission, rather than an ALJ, is responsible for determining the scope of a policy-based exception to the regulations such as the "adequate cause" standard. The Commission's construction of this standard is entitled to controlling weight unless it is arbitrary, capricious, or manifestly contrary to the statute.[4] *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We conclude that the Commission's application of the standard in this case was reasonable and is consistent with the Mine Act.

*Conclusion.*

The order of the Federal Mine Safety and Health Review Commission is AFFIRMED.

---

4. We note that the Commission's interpretation of a regulation may not be entitled to deference when it conflicts with the interpretation of the Secretary. *Secretary of Labor v. Cannelton Indus., Inc.,* 867 F.2d 1432, 1435 (D.C.Cir.1989).